UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

ROBERT MOTHERSELL,

                    Petitioner,

          v.
                                                    9:17-CV-0771
WILLIAM J. HANNA, III,                              (GTS/DEP)

                    Respondent.

─────────────────────────────────────

APPEARANCES:                        OF COUNSEL:

ROBERT MOTHERSELL
87003682
Petitioner, pro se
Jamesville Correctional Facility
6660 East Seneca Turnpike
Jamesville, NY 13078

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

          On July 14, 2017, Robert Mothersell–who is presently confined at the Onondaga

County Jail–filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Dkt.

No. 1.  On the same date, the Court administratively closed this action due to petitioner's

failure to pay the statutory filing fee, or to seek leave to proceed in forma pauperis, but

afforded petitioner the opportunity to comply with this requirement.  Dkt. No. 2 at 1-2.

          On July 19, 2017, the Court received petitioner's payment of the statutory filing fee and

reopened this action.  Dkt. No. 4.

          For the reasons that follow, this action is dismissed without prejudice.

## II.    THE PETITION

Petitioner does not appear to be challenging a judgment of conviction, but rather a decision revoking his probation related to an earlier conviction and resentencing him to nine months incarceration.  *See* Dkt. No. 1.  More specifically, in his petition, petitioner asserts that, in February 2017, in the Syracuse City Court, he pleaded guilty to one count of criminal possession of stolen property and one count of petit larceny.  *Id.* at 1.[1]  He was sentenced to three years probation on each charge, to be served concurrently.  *Id.*

On April 3, 2017, petitioner was arrested and charged with criminal possession of a controlled substance in the fourth degree.  *Id.* at 5.  On April 12, 2017, members of the Onondaga County Probation Department's "warrant squad broke into [petitioner's] house and arrested him for a probation violation," predicated on his arrest for "possession of drugs."  *Id.* at 3.

On July 10, 2017, petitioner appeared in the Syracuse City Court, and the judge advised him that the "drug charge" had been "dismissed."  *Id.* at 8.  However, petitioner was charged with violating his probation based on an alleged failed urine test that he provided to his probation officer in February 2017 (although he was not charged with a violation until after "they broke into his house on April 12, 2017").  *Id.* at 10.  A hearing was held on an unspecified date, at which petitioner's probation officer testified with respect to petitioner's urine sample.  *Id.* at 10.  After the hearing, the Syracuse City Court "sentenced petitioner to 9 months and 6 months to run consecutively for an alleged dirty urine."  *Id.* at 8.

---

[1]    Page references to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner did not appeal from the judgment revoking his probation and resentencing him to jail. *Id.* at 2. On or about May 7, 2017, petitioner filed a petition for state habeas corpus relief in the Onondaga County Supreme Court. *Id.* at 3. That petition was dismissed on May 12, 2017. Dkt. No. 1-1, Order and Judgment of Dismissal. Additionally, on or about May 25, 2017, petitioner filed another petition for state habeas corpus relief in the Onondaga County Supreme Court. Dkt. No. 1 at 4. That petition was dismissed in June 2017. Dkt. No. 7, Order and Judgment of Dismissal.[2]

Based upon these allegations, petitioner appears to assert that he is entitled to habeas relief on the following grounds: (1) he was subjected to an unconstitutional search and seizure when "members of the warrant squad broke into [his] house" and arrested him for a probation violation without a warrant; (2) his due process rights under the Fourteenth Amendment of the U.S. Constitution and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), were violated, because he did not receive a "preliminary hearing," was not afforded notice of his alleged violation(s) of probation, and was not given the opportunity to present evidence or confront adverse witnesses; (3) the sentence imposed on resentencing was cruel and unusual; and (4) his rights under the Fourth and Fourteenth Amendments were violated because he was resentenced based on a failed urine test, despite the fact that he was not charged with the failed test until he was rearrested, and his probation officer testified that he performed only a screening test (and not a confirmation test). Dkt. No. 1 at 5-10.

Setting aside the state court petitions referenced above, petitioner asserts that he has not pursued his claims by way of an appeal in state court because doing so "would result in

---

[2] Petitioner filed a copy of the Onondaga County Supreme Court's Order and Judgment of Dismissal on July 21, 2017. Dkt. No. 7.

petitioner sitting in jail until his scheduled release on Jan[uary] 12, 2018." *Id.* at 1; *accord, id.* at 7 ("Petitioner believes that an appeal would result in him being held for a longer period."), 9 ("Petitioner feels an appeal will result in him doing the remainder of the Court's sentence."), 10 ("Petitioner believes it would result in him sitting in jail another 6 months."), 12 ("Petitioner feels the appeals process would result in him completing his sentence.").

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 148-49 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

4

Based upon petitioner's papers (including petitioner's express assertions that he has not filed an appeal from the judgment and resentencing), no state court has decided his claims, much less the highest state court capable of reviewing them. Moreover, even assuming that a state habeas action is a proper method to challenge a revocation of probation, petitioner has not indicated whether he appealed the dismissal of the petitions filed in state court. *See* Dkt. No. 1.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has available state court remedies, and once his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief. *See, e.g., Simone v. Lewin*, No. 1:05-CV-8925, 2006 WL 2468624 at *1-5 (S.D.N.Y. Aug. 11, 2006) (deciding federal habeas petition brought pursuant to section 2254 in which the petitioner challenged the revocation of probation after he was sentenced for the violation, appealed from the judgment, the Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal further).

Petitioner's only argument related to his calculated decision to *not* exhaust his claims in state court is that, as he speculates, he would finish serving his sentence before his appeals are complete. However, these circumstances do not render exhaustion of his state court remedies futile. Futility exists only "when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an

unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F.

Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd*, 570 F. App'x 42 (2d Cir. 2014) (summary order)

(quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)). "In other words, there

must be *no opportunity* to obtain redress in state court or the state process must be *so clearly*

*deficient* as to render *futile* any effort to obtain relief." *Jumpp v. Cournoyer*, No. 3:15-CV-

0892, 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (citing *Duckworth v. Serrano*, 454

U.S. 1, 3 (1981) (per curiam)). While an inordinate delay attributable to the state court

process may present circumstances suggesting that the corrective process is "ineffective to

protect the rights of the" petitioner under 28 U.S.C. § 2254(b)(1)(B)(ii), nothing in the petition

supports the conclusion that petitioner's efforts to seek relief have been, or will be, subject to

a delay that would excuse him from exhausting his state court remedies. *See, e.g., Jumpp*,

2016 WL 3647146, at *3 (rejecting petitioner's arguments that the processing of his case was

"unreasonably delayed," and noting that, "[e]ven if his claims do become moot [upon his

release from prison], neither the State's inherent adjudication process or its processing of this

particular case is at fault"); *cf. Hill v. Mance*, 598 F. Supp. 2d 371, 375-76 (W.D.N.Y. 2009)

(rejecting respondent's argument that petitioner's claims were unexhausted, concluding in the

alternative that exhaustion was not required, and noting that "[e]xhaustion is not mandated

where the state consideration would be either futile or where state procedures do not provide

*swift review* of petitioner's claims") (emphasis added) (internal quotation marks omitted)); *see*

*generally Nordahl v. Rivera*, No. 08-CV-5565, 2010 WL 9444862, at *2 (S.D.N.Y. Apr. 7,

2010), *adopted*, 2013 WL 1187478, at *1 (S.D.N.Y. Mar. 21, 2013) ("Petitioner believes he is

entitled to immediate release, and that any delay in a court's consideration of his claim may

prevent him from actually achieving release before his sentence is complete. However, this

is not a situation where the available state court remedy can be said to be futile–if Petitioner can present an appropriate claim to the state court, the state court is in an equal position with the federal court to grant a remedy. The potential state court remedy is not futile, merely because the conclusion of Petitioner's sentence of incarceration . . . may arrive before consideration of his Petition in this Court is complete.").

Based on the foregoing, the petition is dismissed without prejudice to re-filing once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[3]

---

[3] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Additionally, under the AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548. The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). To avoid any problems with the statute of limitations, petitioner should promptly re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated:    October 4, 2017
          Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").

8